## C. A. MORGAN v. THE STATE.

No. 3905.   Decided January 12, 1916.

Rehearing denied February 9, 1916.

**1.—Wife Desertion—Bill of Exceptions—Want of Approval.**

Where, the bill of exceptions was not approved by the judge or presented to him, the same can not be considered on appeal.

**2.—Same—Statement of Facts—Want of Approval.**

Where the alleged statement of facts was not filed in the County Court within twenty days and was not approved by the judge, the same can not be considered on appeal, and their being nothing to review the case must be affirmed.

Appeal from the County Court of Baylor.   Tried below before the Hon. T. J. North.

Appeal from a conviction of wife desertion; penalty, a fine of $200 and ninety days confinement in the county jail.

The opinion states the case.

*Glasgow & Kenan,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of wife desertion, his punishment being assessed at a fine of $200 and ninety days imprisonment in the county jail.

There are several interesting questions presented.   The record contains a bill of exceptions which is not approved by the judge; his signature does not appear to it in any form.   This bill of exceptions, had it been approved, was filed on the 8th day of September, and was never, apparently at least, presented to the judge, because his name does not appear to it either approving or disapproving it.   It, therefore, can not be considered.

There is what purports to be a statement of facts which was filed on October 23rd.   The court adjourned on the 25th day of September. The statement of facts was not filed within the twenty days required by the statute, even had it been approved by the trial judge, which was not done.   The statement of facts is signed by the attorneys for the defendant, but not by the State's counsel nor approved by the judge, therefore it can not be considered.   In the absence of the statement of facts and bill of exceptions there is nothing reviewable, as it would be necessary to have the evidence in order to consider the matters urged.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied February 9, 1916.—Reporter.]